842 F.2d 1290
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Walter Edward DAVIDSON, Petitioner-Appellant,
v.
Michael E. BUMGARNER; Attorney General of the State of
North Carolina, Respondents-Appellees.
 No. 87-6661.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 29, 1988.
Decided March 3, 1988.
 
 Walter Edward Davidson, appellant pro se.
 Richard Norword League, Office of the Attorney General of North Carolina, for appellees.
 Before K.K. HALL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Walter Davidson, a North Carolina inmate, has brought this petition pursuant to 28 U.S.C. Sec. 2254, seeking to challenge his 1981 guilty pleas to second degree murder and armed robbery for which he was sentenced to life imprisonment. Davidson asserts six grounds for relief:
 
 
 2
 (A) his guilty plea was involuntary because it was premised on his belief there was a plea agreement whereby he would receive a sentence of thirty years or less;
 
 
 3
 (B) the state reneged on its plea agreement;
 
 
 4
 (C) he is entitled to enforcement of the original plea offer or to have his sentence vacated;
 
 
 5
 (D) he received ineffective assistance of counsel because his court-appointed lawyer grossly misinformed him concerning the length of sentence he would receive;
 
 
 6
 (E) he received ineffective assistance because his counsel advised him to accept the plea agreement not to receive more than a thirty year sentence; and
 
 
 7
 (F) he received ineffective assistance because his counsel failed to speak in mitigation of his punishment prior to the imposition of the sentence.
 
 
 8
 We agree with the district court's reasoning in dismissing Davidson's first four claims. However, in dismissing Davidson's final two claims the district court finding that Davidson had received effective assistance of counsel. In Strickland v. Washington, 446 U.S. 668, 698 (1984), the Supreme Court held that "in a federal habeas challenge to a state criminal judgment, a state court conclusion that counsel rendered effective assistance is not a finding of fact binding on the federal court to the extent stated by 28 U.S.C. Sec. 2254(d)." Thus, the district court was mistaken in according a presumption of correctness to the state court finding of effective assistance. Nevertheless, examination of the record indicates that dismissal of these claims was proper on other grounds.
 
 
 9
 Regarding claim E, the state court found that Davidson was informed about what the maximum sentence could be and that all conditions and terms which were applicable were inserted and expressed in the transcript of the plea. These factual findings are subject to the deference requirement of Sec. 2254(d). Strickland, 466 U.S. at 698. Moreover, Davidson's responses contained in the transcript of plea reflect his understanding that there was no agreement that he would receive a sentence of thirty years or less. Thus, even if we accept Davidson's allegations that his lawyer advised him that under the plea agreement he would receive a thirty year sentence, it is nonetheless established that at the time he tendered his plea, Davidson fully understood that the plea agreement did not limit in any way the length of sentence that might be imposed. Davidson has, therefore, failed to state a claim for ineffective assistance because he was not shown that his counsel's alleged misconduct prejudiced him in any way. See Strickland, 466 U.S. at 687.
 
 
 10
 Davidson's final claim is equally without merit. Davidson alleges that his counsel failed to speak in mitigation of punishment. However, the court reporter's notes indicate that Davidson's attorney did argue at sentencing, though the substance of these arguments was not recorded. Davidson has not alleged the existence of any mitigating factors which his counsel failed to bring to the attention of the court, and indeed, provides no hint as to why he considers the arguments defective. This vague and conclusory claim fails to satisfy Strickland because it fails to allege deficient performance on the part of his counsel and, more importantly, fails to allege how he was prejudiced by his counsel's conduct. Accordingly, the dismissal of this claim was proper.
 
 
 11
 A certificate of probable cause to appeal the judgment of the district court is denied, and this appeal is dismissed. As the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 12
 DISMISSED.